IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DOROTHY MCDONALD, B.E., a minor, FOUNTAIN-JORDAN-SHEPARD FUNERAL HOME, INC., and ROSENBERG FFC, INC., f/k/a The Funeral Funding Center, Inc.,<br><br>Defendants. | Case No. 1:14-cv-03782<br><br>Judge Gettleman<br>Magistrate Judge Martin |

**FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY'S
MOTION FOR FINAL JUDGMENT ORDER IN INTERPLEADER AND DEFAULT
JUDGMENT AGAINST DOROTHY MCDONALD, B.E., A MINOR, BARRY ENGLISH,
IN HIS CAPACITY AS GUARDIAN AD LITEM FOR B.E., A MINOR, AND
FOUNTAIN-JORDAN-SHEPARD FUNERAL HOME, INC., AND
<u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

Plaintiff, First Allmerica Financial Life Insurance Company ("First Allmerica"), by and through its attorneys, David F. Schmidt, Craig M. Bargher, and Chittenden, Murday & Novotny LLC, pursuant to 28 U.S.C. § 1335, FED. R. CIV. P. 54, and 55, states as follows for its Motion for Final Judgment Order in Interpleader and Default Judgment Against Dorothy McDonald, B.E., a minor, Barry English, in his capacity as Guardian Ad Litem for B.E., a minor, and Fountain-Jordan-Shepard Funeral Home, Inc., and Motion for Attorneys' Fees and Costs:

1. First Allmerica filed its Complaint in Interpleader ("Complaint") (Doc. #1) under 28 U.S.C. § 1335 on May 22, 2014, to resolve potential competing claims for payment of the death benefit under an ERISA plan, Plan Number GP-26763 (the "Plan"), in the amount of

$27,000.00, plus accrued interest. (*See* Declaration of Craig M. Bargher ("CMB Dec."), Exhibit A hereto).

2. On June 25, 2014, this Court granted First Allmerica's Motion to Deposit its admitted liability and its *Ex Parte* Motion for Restraining Order under 28 U.S.C. § 2361 in this matter. (Doc. ## 10, 11). On August 6, 2014, First Allmerica deposited $29,132.73 with the court (Receipt # 4624124815).

3. On July 23, 2014, First Allmerica filed an Affidavit of Process Server, regarding proof of service on July 21, 2014 of the Summons and Complaint on Defendant Fountain-Jordan-Shepard Funeral Home, Inc. (the "Funeral Home"). (Doc. # 14; CMB Dec., Ex. A, ¶4).

4. The Funeral Home's responsive pleading to the Complaint was due August 11, 2014. (CMB Dec., Ex. A, ¶5).

5. As of the date of this Motion, the Funeral Home has not filed an Appearance or a responsive pleading to the Complaint. (CMB Dec., Ex. A, ¶6).

6. On July 23, 2014, First Allmerica filed an Affidavit of Process Server, regarding proof of service on July 16, 2014 of the Summons, Complaint, and Order granting the Motion to Deposit and the Motion for Restraining Order on Defendant Dorothy McDonald ("McDonald"). (Doc. #13; CMB Dec., Ex. A, ¶7).

7. McDonald's responsive pleading to the Complaint was due August 6, 2014. McDonald submitted a letter to this Court dated August 5, 2014 (Doc. # 17), which stated:

> I Dorothy McDonald agree with Exhibit D (Funerals [sic] Funding Center reassignment form). I on my own free will re- assigned funds to Fountain Jordan Shepherd [sic] funeral home on September 17, 2013.
> I Dorothy McDonald as of this day have no claim to the funds assigned to her by Michelle Young.

2

On August 27, 2014, this Court entered an Order of Default as against McDonald. (Doc. # 18; CMB Dec., Ex. A, ¶8).

8. As of the date of this Motion, McDonald has not filed an Appearance or a responsive pleading to the Complaint. (CMB Dec., Ex. A, ¶9).

9. On August 5, 2014, First Allmerica filed an Affidavit of Process Server, regarding proof of service on July 26, 2014 of the Summons and Complaint on Defendant B.E., a minor ("B.E."). (Doc. #16; CMB Dec., Ex. A, ¶10).

10. On September 23, 2014, this Court granted First Allmerica's Motion to Appoint Barry English as Guardian Ad Litem for B.E., and ordered that his response to the Complaint was due by October 28, 2014. (Doc. ## 22, 24; CMB Dec., Ex. A, ¶11).

11. Barry English was served with the Complaint on September 29, 2014, and with the Order appointing him Guardian Ad Litem for B.E. on October 2, 2014. (CMB Dec., Ex. A, Gr. Ex. 1 thereto).

12. On October 28, 2014, Barry English filed a completed Appearance Form for Pro Se Litigants. (Doc. # 26; CMB Dec., Ex. A, ¶13).

13. Also on October 28, 2014, Barry English filed a Motion to Extend Time to Answer, but did not specify the amount of time requested or schedule the motion for a hearing. (Doc. # 25; CMB Dec., Ex. A, ¶13).

14. As of the date of this Motion, this Court has not yet ruled on Barry English's Motion to Extend Time, and Barry English has not filed a responsive pleading to the Complaint on behalf of B.E. (CMB Dec., Ex. A, ¶15).

15. On September 15, 2014, First Allmerica filed its Rule 41 Notice of Dismissal with prejudice of Rosenberg FFC, Inc., f/k/a The Funeral Funding Center, Inc. (Doc. # 21). On

3

September 26, 2014, this Court entered an Order dismissing Rosenberg FFC, Inc., f/k/a The Funeral Funding Center, Inc. as a party defendant pursuant to FRCP Rule 41(a)(1)(A)(i). (Doc. # 23).

16. First Allmerica has properly brought this interpleader action, and has done all that is required by law to perfect its interpleader action. As the Seventh Circuit noted in *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008):

> Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims. *Indianapolis Colts v. Mayor & City Council of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984). Interpleader is justified only when the stakeholder has a real and reasonable fear of double liability or conflicting claims. ....

17. In addition, First Allmerica's costs and attorneys' fees may be awarded if the costs are determined to be reasonable and Midland's efforts are not part of its normal course of business. *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008).

18. First Allmerica has satisfied these elements.

19. First Allmerica's Memorandum of Law in support of its motion is filed separately herewith.

**WHEREFORE**, Plaintiff, First Allmerica Financial Life Insurance Company, respectfully requests that this Court enter an Order in the form of the draft order tendered herewith,

A. Entering a default judgment in favor of First Allmerica Financial Life Insurance Company and against Defendants Dorothy McDonald, B.E., a minor, Barry English, in his capacity as Guardian Ad Litem for B.E., a minor, and Fountain-Jordan-Shepard Funeral Home, Inc., pursuant to FED. R. CIV. P. 55;

B.  Declaring that First Allmerica Financial Life Insurance Company, its successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers and directors, and employees are released and discharged from any and all liability to Defendants, Dorothy McDonald, B.E., a minor, Barry English, in his capacity as Guardian Ad Litem for B.E., a minor, and Fountain-Jordan-Shepard Funeral Home, Inc., for the payment related to Plan Number GP-26763, and stating that Defendants Dorothy McDonald, B.E., a minor, Barry English, in his capacity as Guardian Ad Litem for B.E., a minor, and Fountain-Jordan-Shepard Funeral Home, Inc. shall litigate their claims to the admitted liability without involving First Allmerica Financial Life Insurance Company;

C.  Permanently and perpetually restraining and enjoining Defendants Dorothy McDonald, B.E., a minor, Barry English, in his capacity as Guardian Ad Litem for B.E., a minor, and Fountain-Jordan-Shepard Funeral Home, Inc. from filing or prosecuting any claim in any federal, state, or administrative court or other forum with respect to the proceeds of Plan Number GP-26763, except in the interpleader proceedings in the above-captioned matter;

D.  Awarding First Allmerica Financial Life Insurance Company its reasonable attorneys' fees and costs in the amount of $13,574.77, as documented in Exhibit A hereto, to be paid from the $29,132.73 that First Allmerica deposited with the court (Receipt # 4624124815);

E.  Excusing First Allmerica Financial Life Insurance Company from further attendance upon this cause with respect to the proceeds of Plan Number GP-26763, and dismissing First Allmerica Financial Life Insurance Company from this cause with an express finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal of this Court's Order or both; and

F.     Granting First Allmerica Financial Life Insurance Company such other and further relief as this Court deems just and necessary.

Dated: November 24, 2014

Respectfully submitted,

FIRST ALLMERICA FINANCIAL
LIFE INSURANCE COMPANY,

By: s/ Craig M. Bargher
    One of its Attorneys

David F. Schmidt
Craig M. Bargher
CHITTENDEN, MURDAY &
NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (Fax)
dschmidt@cmn-law.com
cbargher@cmm-law.com

## *Certificate of Service*

I hereby certify that on **November 24, 2014** I electronically filed Plaintiff's Motion for Final Judgment Order in Interpleader and Default Judgment Against Dorothy McDonald, B.E., a minor, Barry English, in his capacity as Guardian Ad Litem for B.E., a minor, and Fountain-Jordan-Shepard Funeral Home, Inc., and Motion for Attorneys' Fees and Costs with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system and that true and correct copies of Plaintiff's Motion and Notice of Motion were served upon:

Dorothy McDonald
6519 N. Artesian
Chicago, IL 60645

B.E., a Minor
c/o Barry English, in his capacity as
Guardian Ad Litem for B.E., a
minor
77 Rogers Avenue
Somerville, MA 02141

Barry English, in his capacity as
Guardian Ad Litem for B.E., a
minor
77 Rogers Avenue
Somerville, MA 02141
bl-english@hotmail.com

Fountain-Jordan-Shepard Funeral Home, Inc.
c/o James J. Lubacke
217 Tioga Avenue
Bensenville, IL 60106

Fountain-Jordan-Shepard Funeral Home, Inc.
418 S. Cicero Ave.
Chicago, IL 60644

via U.S. Mail by depositing same in the U.S. Mail chute at 211 South Clark Street, Chicago, Illinois, before the hour of 5:00 p.m. on this 24th day of November, 2014, and by electronic mail to Barry English, in his capacity as Guardian Ad Litem for B.E., a minor, bl-english@hotmail.com.

/s/ Craig M. Bargher
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
cbargher@cmn-law.com